1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ARTHUR FANNING,<br><br>                    Petitioner,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>DEAN BORDERS, WARDEN,<br><br>                    Respondent. | Case No.:  18cv1145-BTM(KSC)<br><br>**Order Denying Motion for<br>Appointment of Counsel [Doc. No. 11]** |

## **INTRODUCTION**

Petitioner Robert Arthur Fanning, a state prisoner proceeding *pro se* and *in forma pauperis*, filed his petition for Writ of Habeas Corpus on June 1, 2018.  [Doc. No. 1.]  Before this Court is petitioner's Motion for Appointment of Counsel. [Doc. No. 6.] Petitioner asks the Court to appoint counsel for him because, *inter alia*, he has "no means of paying for an attorney, nor of contacting any attorneys . . . to request pro bono representation." *Id*., at p. 2.  Petitioner further contends he has "no knowledge pertaining to legal matters, proper procedures and language." *Id*., at p. 3.  Lastly, petitioner asserts he needs counsel due to his "lack of [] needed knowledge or experience." *Id*.  For the reasons set forth below, petitioner's Motion for Appointment of Counsel is **DENIED.**

# DISCUSSION

"There is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.,* 32 F.3d 1360, 1363 (9th Cir. 1994). District Courts have discretion, however, pursuant to 28 U.S.C. § 1915(c)(1) to "request" that an attorney represent indigent civil litigants upon showing of exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the [petitioner] to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before making a decision." *Terrell*, 935 F.2d at 1017 (*quoting Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, petitioner has failed to present sufficient grounds to demonstrate exceptional circumstances. First, a *pro se* prisoner's inability to afford an attorney, standing alone, is not enough to show exceptional circumstances. This and other hardships imposed by petitioner's incarceration "are difficulties which any litigant would have in proceeding *pro se*; they do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). Second, petitioner has not addressed the likelihood of success on the merits in his Motion, and a likelihood of success is not evident from the face of his habeas petition or the limited record currently before the Court. [Doc. No. 1.]

Third, there is no basis on which the Court could conclude petitioner lacks the ability to articulate his claims *pro se*. [Doc. No. 6, at p. 3.] While petitioner may lack legal knowledge, this hardship is no different than the hardships encountered by all incarcerated litigants, and does not qualify as an exceptional circumstance. Moreover, the allegations in his habeas Petition are clearly stated and they survived initial scrutiny [Doc. Nos. 1, 4.] Petitioner also filed a Motion to proceed *in forma pauperis*, which was granted by the Court. [Doc. Nos. 2-3.] In sum, the petitioner thus far has demonstrated the ability to articulate his claims *pro se*.

Finally, litigants proceeding *pro se* are generally afforded some leniency to compensate for their lack of legal training. Indeed, "[c]ourts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County,* 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, petitioner's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

Consequently, petitioner's Motion for Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: November 21, 2018

Hon. Karen S. Crawford
United States Magistrate Judge